**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy E. Bradley; Joanne C. Bradley,<br><br>            Plaintiffs,<br><br>vs.<br><br>JP Morgan Chase Bank, National Association; All Persons Claiming Any Legal Or Equitable Right, Title, Lien To Property Commonly Known As; 4815 East Moonlight Way Paradise Valley AZ, 85253,<br><br>            Defendants. | No. CV13-00814-PHX DGC<br><br>**ORDER** |

Defendant JP Morgan Chase Bank ("Chase") has filed a motion to dismiss the complaint of *pro se* Plaintiffs Randy and Joanne Bradley. Doc. 7. The motion is fully briefed. Docs. 11, 12. For the reasons discussed below, the Court will dismiss the complaint with leave to amend.

**I.  Background.**

Plaintiffs obtained a loan from Washington Mutual Bank, F.A. ("WAMU") in August 2007, secured by property at 4815 East Moonlight Way, Paradise Valley, Arizona. In 2008, Plaintiffs received notice that Defendant had acquired WAMU and would thereafter be servicing Plaintiffs' loan. Upon viewing a customer service notice from Defendant entitled "Help for Homeowners" that detailed refinance and loan modification options for eligible customers, Plaintiffs applied for a loan modification.

Plaintiffs allege that Defendant's consideration and subsequent denial of their application violated the terms of a Pooling and Servicing Agreement that governed the loan.

Plaintiffs commenced this action by filing a complaint in Maricopa County Superior Court alleging breach of contract, misrepresentation, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty. Defendant removed the case to this Court and moved to dismiss the complaint under Rule 12(b)(6). Doc. 7. Plaintiffs responded to the motion eight days after the time to file a response had expired.[1] Doc. 11.

**II. Legal Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must construe the complaint liberally because Plaintiffs are proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

The Court generally will not consider evidence or documents beyond the complaint when ruling on a Rule 12(b)(6) motion. "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion

---

[1] Although Defendant has objected to Plaintiffs' late response (Doc. 12), the Court will exercise is discretion and consider the filing in light of Plaintiffs' *pro se* status.

to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (citations omitted); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.").

Defendant attached the Pooling and Servicing Agreement ("PSA") to its motion to dismiss. Plaintiffs did not physically attach this document to the complaint, but the complaint alleges its content and the document is central to Plaintiffs' claims. Plaintiffs' response does not contest the authenticity of the document. Accordingly, the Court will consider the PSA in this decision.

**III. Analysis.**

    **A. Breach of Contract.**

To state a breach of contract claim, "the complaint must allege an agreement, the right to seek relief, and breach by the defendant." *Commercial Cornice & Millwork, Inc. v. Camel Constr. Servs. Corp.*, 739 P.2d 1351, 1355 (Ariz. 1987) (citing *City of Tucson v. Superior Ct.*, 569 P.2d 264 (Ariz. 1977)). Although Plaintiffs did not list a breach of contract claim in the caption of their complaint, nor in the introductory summary of their causes of action, (Compl. [Doc. 1-1 at 3-11] at ¶ 1), it appears from the substance of their claims that they intended to bring a claim for breach of contract. Because Defendant also made this assumption and responded to the claim, the Court will address it here.

Plaintiffs claim that Defendant breached the terms of the PSA existing between WAMU and themselves. Defendant argues that it did not become a successor in interest to this contract when it acquired WAMU, but the Court need not assess the validity of this argument because the claim fails regardless. Thus, for purposes of this motion only,

the Court will construe the facts in favor of Plaintiffs and assume that Defendant became a party to the PSA when it purchased WAMU.[2]

Plaintiffs' theory of the breach rests on an unspecified clause in the PSA which states in relevant part that "the servicer shall not permit any modification with respect to any Mortgage loan." Compl. at ¶ 21. The complaint clearly states that Defendant denied Plaintiffs' application for modification. Compl. at ¶ 17. Thus, Defendant could not have breached the contract on the facts alleged because it did not modify the loan. Given the facts as pled by Plaintiffs, Defendant complied with the PSA. Because Plaintiffs' facts do not support their claim that Defendant breached the contract, the Court will dismiss this claim.

### B. Breach of the Covenant of Good Faith and Fair Dealing.

As a matter of law, there can be no breach of the covenant of good faith and fair dealing without a valid contract between the parties. *Norman v. State Farm Mut. Auto. Ins. Co.*, 33 P.3d 530, 532 (Ariz. 2001) (holding that it is a "well-settled principle" that "a contract must exist before there can be a breach of the covenants of good faith and fair dealing."). As explained above, the Court will assume for the purposes of this motion that a valid contract existed between Plaintiffs and Defendant. The claim fails regardless because the complaint does not identify the specific actions by which Defendant allegedly breached the covenant.

### C. Breach of Fiduciary Duty.

The complaint states that Chase owes Plaintiffs a fiduciary duty because Chase "receive[s] payments from Plaintiffs along with thousands of other American taxpayers." Compl. at ¶ 32. It further contends that Chase breached its fiduciary duty by "intentionally deceiving" Plaintiffs about Chase's authority to modify the terms of

---

[2] Plaintiffs should understand that the Court will not make this assumption with respect to any amended complaint. If Plaintiffs seek to assert a breach of contract claim in their amended complaint, they must precisely identify the contract in question.

Plaintiffs' loan and by "conducting untrustworthy business practices." Compl. at ¶ 34. Plaintiffs' conclusion that entities receiving government support owe a fiduciary duty to individual taxpayers is faulty. Plaintiffs' conclusion that mortgage lenders owe a fiduciary duty to borrowers is similarly flawed. "It is well settled in Arizona that a mortgage lender does not owe a fiduciary duty to a borrower." *Gould v. M & I Marshall & Isley Bank*, 860 F.2d 985, 989 (Ariz. 2012). For this claim to proceed, Plaintiffs must show that a fiduciary duty existed and must identify which specific actions of Defendant breached the duty. The complaint does neither.

### D. Misrepresentation.

Plaintiffs have failed to state whether they are asserting a claim for fraudulent misrepresentation or negligent misrepresentation. The two are separate causes of action, with different elements and damages, and may not be pled under a general "misrepresentation" claim. W. Prosser and W. Keeton, *The Law of Torts*, § 105 at 727, § 107 at 740 (5th ed. 1984); *see also Pettay v. Ins. Mktg. Servs., Inc.*, 752 P.2d 18, 21 (Ariz. 1987) (holding that negligent and fraudulent misrepresentation are separate torts that must be individually and specifically pled). Without specifying which claim they intend to bring, Plaintiffs have failed to put Defendant on proper notice of their claim.

In order to prove fraud, a plaintiff must show: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that it be acted upon by the hearer in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely on it, and (9) the hearer's consequent and proximate injury. *Wells Fargo Credit Corp. v. Smith,* 803 P.2d 900, 905 (Ariz. 1990). In addition, Plaintiffs must plead fraud with particularity under Rule 9(b). "Fraud may never be established by doubtful, vague, speculative, or inconclusive evidence." *Echols v. Beauty Built Homes, Inc.,* 647 P.2d 629, 631 (Ariz. 1982) (internal quotations and citations omitted). The complaint fails to plead the elements of a fraud claim as outlined above.

1  It fails to identify specific misrepresentations, when they were made, by whom, how
2  they misled Plaintiffs, and how Plaintiffs were injured.

3  To prove negligent misrepresentation, "(1) there must be incorrect information
4  given for the guidance of others in business dealings; (2) the party giving the false
5  information intended that the other parties would rely on that information and failed to
6  exercise reasonable care in obtaining or communicating that information; (3) the other
7  parties were justified in relying on that incorrect information and actually relied to their
8  detriment, and (4) such reliance caused their damages." *Auto Fin. Specialists, Inc. v.*
9  *ADESA Phoenix*, LLC, No. CV–09–0200–PHX–JAT, 2010 WL 1925491, at *4 (D.
10 Ariz. May 11, 2010) (citing *Taeger v. Catholic Family Cmty. Serv.*, 995 P.2d 721, 730
11 (Ariz. 1999)). Arizona courts have adopted the general rule that "[n]egligent
12 misrepresentation requires a misrepresentation or omission of a fact. A promise of
13 future conduct is not a statement of fact capable of supporting a claim of negligent
14 misrepresentation." *McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. 1992) (emphasis
15 in original). The complaint fails to plead facts satisfying these requirements.

16 **IV.  Leave to Amend.**

17 Leave to amend should be freely given when justice so requires. Fed. R. Civ. P.
18 15(a)(2). An amended complaint must adhere to the requirements set forth in Rule 8 of
19 the Federal Rules of Civil Procedure. Rule 8(a) requires a "short and plain statement of
20 the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be
21 simple, concise, and direct." A complaint having the factual elements of a cause of
22 action scattered throughout the complaint and not organized into a "short and plain
23 statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v.*
24 *Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

25 Because the Court cannot determine that an amendment could never cure the
26 complaint's deficiencies, it will grant leave to amend.

27
28

6

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 7) is **granted**.
2. Plaintiffs have **30 days** from the date of this order to file a first amended complaint. Failure to do so will result in the Court dismissing the action with prejudice and directing the Clerk to enter judgment accordingly.
3. The Rule 16 Case Management conference currently set for June 19, 2013 at 3:30 p.m. is **vacated**.

Dated this 11th day of June, 2013.

*David G. Campbell*
United States District Judge